**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carolann Grey,<br><br>    Plaintiff,<br><br>vs.<br><br>First American Title Insurance Company;<br>America's Servicing Company; US Bank<br>National Association, as Trustee for Bank<br>of America Funding 2007-6 Trust,<br><br>    Defendants. | No. CV 09-1807-PHX-JAT<br><br>**ORDER** |

      Pending before the Court are Defendants America's Servicing Company and US Bank National Association's Motion to Dismiss (Doc. # 10); and Plaintiff's Motion to Quash (Doc. # 24). For the reasons that follow, the Court grants Defendants' motion to dismiss, and denies Plaintiff's motion to quash.

**I.    Background**

      Plaintiff is the owner of certain real property located in Gold Canyon, Arizona. Plaintiff obtained a mortgage on her property, and executed a deed of trust in January 2007. Mortgage Electronic Registration Systems, Inc. ("MERS") was the named beneficiary under the deed of trust. In January 2009, MERS assigned its rights under the deed of trust to Defendant First American Title Insurance Company ("FATC"). On January 9, 2009, Defendant FATC recorded a notice of trustee sale after Plaintiff failed to perform her

1  obligations under the deed of trust. In April 2009, Plaintiff filed the present action in Pinal
2  County Superior Court, seeking to force Defendants to show proof of the promissory note,
3  as well as enjoin Defendants from conducting the trustee's sale. Defendants timely removed
4  to this Court, and now seek to dismiss Plaintiff's claims.

**II.     Analysis**

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Moreover, the Ninth Circuit has pronounced a "policy of liberal construction in favor of *pro se* litigants." *Rand v. Rowland,* 154 F.3d 952, 957 (9th Cir. 1998). This Court must construe Plaintiff's complaint liberally and afford Plaintiff the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988). However, the status of pro se "does not relieve the party of the burden of alleging sufficient facts on which a recognized legal claim could be based. Bald assertions and conclusions of law will not suffice." *Kerr v. Wanderer & Wanderer,* 211 F.R.D. 625, 629 (D. Nev. 2002)

(citation omitted). As such, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Although Plaintiff does not include any specific causes of action or counts for relief, it is clear after reviewing her complaint that Plaintiff's allegations center around Defendants' alleged failure to produce the original note securing the mortgage. As such, Plaintiff claims that Defendants have no valid ownership interest and, hence, Defendants cannot proceed with the trustee's sale.

In Arizona, and "[u]nlike their judicial foreclosure cousins that involve the court, deed of trust sales are conducted on a contract theory under the power of sale authority of the trustee." *In re Krohn*, 52 P.3d 774, 777 (Ariz. 2002). *See also* A.R.S. § 33-807(A) (providing power of sale authority to trustee after default). The UCC pertaining to negotiable instruments provides that "'[p]ersons entitled to enforce' an instrument [include] the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to § 47-3309 . . . ." A.R.S. § 47-3301. Plaintiff does not cite, nor is the Court aware of, any controlling Arizona authority requiring the production of the original note before the commencement of a trustee's sale. To the contrary, courts within the District of Arizona "have routinely held that [the] 'show me the note' argument lacks merit." *Diessner v. Mortgage Elec. Registration Sys.*, 618 F.Supp.2d 1184, 1187-88 (D. Ariz. 2009) (quoting Mansour v. Cal-W. Reconveyance Corp., 618 F.Supp.2d 1178, 1181 (D. Ariz. 2009)). Given the absence of any guiding authority by the Arizona Supreme Court or the Arizona Court of Appeals to the contrary, the Court agrees with the unanimous authority within the District of Arizona, and dismisses Plaintiff's claims based upon a "show me the note" argument.

Plaintiff's only remaining allegations revolve around the Fair Debt Collection Practices Act ("FDCPA"). Defendants argue that they are not "debt collectors" within the meaning of the FDCPA, and the Court agrees. *Diessner*, 618 F.Supp.2d at 1188-89. In any event, even if Defendants could properly be considered "debt collectors," Plaintiff has failed to allege any facts or otherwise suggest how Defendants violated the FDCPA. In her

response, Plaintiff asserts that Defendant America's Servicing Company has a telephone greeting stating that it is attempting to collect a debt. The Court first notes that this assertion does not appear in Plaintiff's complaint. *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Regardless, this statement does not describe how such a greeting violates the FDCPA. Plaintiff must include at least some factual allegations with respect to her FDCPA claim so that Defendants have "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Plaintiff has failed to properly allege a FDCPA claim.

The Court has reviewed the entirety of Plaintiff's complaint and other filings. The Court concludes that Plaintiff has failed to properly allege any claim for relief. As such, the Court grants Defendants' motion to dismiss under Rule 12(b)(6).[1]

Plaintiff filed a motion to quash, arguing that Defendants' have not formally appeared and, hence, are in default. Plaintiff's argument is without merit. All Defendants have either filed a notice of appearance, or appeared through counsel, or both. The rules do not require an attorney to file a separate notice of appearance document before having the authority to represent a client in this Court. Defendants are properly represented by counsel. The Court denies Plaintiff's motion.

### III. Conclusion

Plaintiff has failed to allege a viable cause of action. Plaintiff's "show me the note" argument does not provide an adequate legal basis for the type of relief she is seeking.

---

[1] Although Defendant FATC has not moved to dismiss, the Court finds that they are in a similar position to the moving Defendants, and Plaintiff's claims against Defendant FATC suffer the same infirmities as discussed above. As such, the Court will dismiss Plaintiff's claims against Defendant FATC. *Abignnin v. AMVAC Chem. Corp.,* 545 F.3d 733, 743 (9th Cir.2008) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.").

Moreover, Plaintiff has failed to adequately allege a cause of action under the FDCPA. Lastly, Plaintiff's motion to quash is denied because Defendants and their counsel have properly appeared.

Plaintiff has not yet filed an amended complaint. Although Plaintiff's right to amend her complaint once as a matter of course has arguably been cut-off by Defendant FATC's filing of an answer, the Court will nevertheless grant Plaintiff an opportunity to cure the above defects through the filing of an amended complaint. Plaintiff is cautioned, though, that if she chooses to re-urge her claims through the filing of an amended complaint, Plaintiff must allege facts and not mere legal conclusions.[2]

Accordingly,

**IT IS ORDERED** that Defendants America's Servicing Company and US Bank National Association's Motion to Dismiss (Doc. # 10) is granted to the extent it is premised upon Rule 12(b)(6).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Quash (Doc. # 24) is denied.

**IT IS FURTHER ORDERED** that Plaintiff has 30 days to file an amended complaint to cure the deficiencies identified herein. If Plaintiff fails to file an amended complaint within 30 days of the date of this Order, the Clerk of the Court shall, without further Court order, enter judgment of dismissal, with prejudice as to this entire case and as to all Defendants.

---

[2] Defendants also argue that Plaintiff's claims must be dismissed because she failed to timely and adequately serve Defendants. Given the Ninth Circuit's preference for resolution on the merits, and because Plaintiff is pro se and the Court is granting Plaintiff leave to file an amended complaint, the Court will not dismiss Plaintiff's complaint on the basis of a failure to timely and properly serve Defendants. However, if Plaintiff chooses to file an amended complaint, she is cautioned to properly serve Defendants within the time frame directed at the end of this Order. Any such failure will result in the dismissal of her amended complaint.

**IT IS FINALLY ORDERED** that Plaintiffs shall effect service of the Amended Complaint and Summons upon all Defendants no later than 30 days after the filing of the Amended Complaint.

DATED this 13th day of May, 2010.

_____
James A. Teilborg
United States District Judge